**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| MALIBU MEDIA, LLC | : CIVIL TRIAL DIVISION |
| vs. | : JURY TRIAL DEMANDED |
| JOHN DOES 1-18 | : No. 12-cv-02096 |

## ORDER

AND NOW, this            day of                        , 2012, upon

consideration of Defendant, John Doe #8's Motion to Quash Subpoena and Vacate Order

Granting Plaintiff Leave To Serve Third Party Subpoenas and any response thereto, it is

hereby ORDERED and DECREED that said Motion is Granted; the Order dated April 24,

2012 filed April 25, 2012 granting plaintiff leave to serve third party subpoenas prior to a

rule 26(f) conference is hereby VACATED.

BY THE COURT:

_____

BERLE M. SCHILLER, J.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| MALIBU MEDIA, LLC | : CIVIL TRIAL DIVISION |
| vs. | : JURY TRIAL DEMANDED |
| JOHN DOES 1-18 | : No. 12-cv-02096 |

## **ORDER**

AND NOW, this            day of                         , 2012, upon

consideration of Defendant, John Doe #8's Motion to Quash Subpoena and Vacate Order

Granting Plaintiff Leave To Serve Third Party Subpoenas and any response thereto, it is

hereby ORDERED and DECREED that said Motion is Granted; the subpoena directed to

Comcast Cable seeking disclosure of information regarding the personal information of

the subscriber assigned IP address 71.225.167.206 is hereby QUASHED.

BY THE COURT:

_____
BERLE M. SCHILLER, J.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MALIBU MEDIA, LLC | : CIVIL TRIAL DIVISION |
| vs. | : JURY TRIAL DEMANDED |
| JOHN DOES 1-18 | : No. 12-cv-02096 |

### DEFENDANT, JOHN DOE #8'S, MOTION TO QUASH SUBPOENA AND VACATE ORDER GRANTING PLAINTIFF LEAVE TO SERVE THIRD PARTY SUBPOENAS

Defendant, John Doe #8, by and through counsel, Bruce Preissman, Esquire, hereby moves this Honorable Court to enter the attached Order and avers in support thereof as follows:

1.  Plaintiff, Malibu Media, LLC ("Malibu Media") filed a Complaint on April 19, 2012 against 18 John Doe defendants alleging copyright infringement.

2.  Malibu Media filed a Motion for Leave to Serve Third Party Subpoenas Prior to a Rule 26(f) Conference on April 24, 2012.

3.  The Order granting said motion was signed on April 24, 2012 and entered on April 25, 2012.

4.  In its motion Malibu Media sought leave to serve subpoenas on the Internet Service Providers ("ISPs") of the 18 John Doe defendants seeking disclosure of each defendant's name, address, telephone number, email address and Media Access Control number.

5. The proposed order attached to the motion identified each ISP from whom the information is sought as a "cable operator" as defined by 47 U.S.C. § 522(5). (*See,* proposed order attached to Malibu Media's motion at paragraph #4.)

6. Paragraph #4 of the proposed order also cites 47 U.S.C. §551(c)(2)(B) for the proposition that disclosure of the information sought is permissible pursuant to that section.

7. However, 47 U.S.C. §551 actually prohibits disclosure of a subscriber's personally identifiable information under circumstances set forth in the complaint.

8. The relevant portion of 47 U.S.C. §551(c) states:

(c) Disclosure of personally identifiable information.
   (1) Except as provided in paragraph (2), a cable operator shall not disclose personally identifiable information concerning any subscriber without the prior written or electronic consent of the subscriber concerned and shall take such actions as are necessary to prevent unauthorized access to such information by person other than the subscriber or cable operator.
   (2) A cable operator may disclose such information if the disclosure is - -
. . . .
   (B) subject to subsection (h), made pursuant to a court order authorizing such disclosure, if the subscriber is notified of such order by the person to whom the order is directed; . . . .

9. 47 U.S.C. §551(h) states:

(h) Disclosure of information to governmental entity pursuant to court order. Except as provided in subsection (c)(2)(D), a governmental entity may obtain personally identifiable information concerning a cable subscriber pursuant to a court order only if, in the court proceeding relevant to such court order - -
   (1) such entity offers clear and convincing evidence that the subject of the information is reasonably suspected of engaging in criminal activity and that the information sought would be material evidence in the case; and

(2) the subject of the information is afforded the opportunity to appear and contest such entity's claim.

10. Malibu Media is not a governmental entity.

11. Malibu Media has not offered clear and convincing evidence that John Doe #8 is reasonably suspected of engaging in criminal activity.

12. As such, disclosure of John Doe #8's protected personally identifiable information is prohibited by 47 U.S.C. §551(c).

13. Further, Malibu Media has no legitimate need for John Doe #8's telephone number, email address, or media access control number as same would not be needed to identify or serve John Doe #8 with the complaint.

14. As such, John Doe #8 respectfully requests that this court vacate its Order granting Malibu Media leave to serve 3rd party subpoenas prior to a rule 26(f) conference.

15. In the alternative, John Doe #8 respectfully requests, pursuant to F.R.C.P. 45(c)(3)(A)(iii), that this court quash the subpoena directed to Comcast Cable seeking John Doe #8's name, address, telephone number, email address, and media access control number as such information is protected by 47 U.S.C. §551.

WHEREFORE defendant, John Doe #8, respectfully requests that this Honorable

Court enter the attached Order and/or any other relief that it deems appropriate.

Respectfully submitted,


/s/ Bruce Preissman
Bruce Preissman, Esq.
Attorney for Defendant,
John Doe #8
1032 Mill Creek Drive, Suite 204
Feasterville, PA 19053
(215) 322-6990
bplegal@aol.com

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

---

| | |
|---|---|
| MALIBU MEDIA, LLC | : CIVIL TRIAL DIVISION |
| vs. | : JURY TRIAL DEMANDED |
| JOHN DOES 1-18 | : No. 12-cv-02096 |

---

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT, JOHN DOE #8'S,**
**MOTION TO QUASH SUBPOENA AND VACATE ORDER GRANTING**
**PLAINTIFF LEAVE TO SERVE THIRD PARTY SUBPOENAS**

**I.  Facts**

Plaintiff, Malibu Media, LLC ("Malibu Media") filed a Complaint on April 19,

2012 against 18 John Doe defendants alleging copyright infringement.  Thereafter, Malibu

Media filed a Motion for Leave to Serve Third Party Subpoenas Prior to a Rule 26(f)

Conference on April 24, 2012.  The Order granting said motion was signed on April 24,

2012 and entered on April 25, 2012.  In its motion Malibu Media sought leave to serve

subpoenas on the Internet Service Providers  ("ISP") of the 18 John Doe defendants

seeking disclosure of each defendant's name, address, telephone number, email address

and Media Access Control number.  The proposed order attached to the motion identified

each ISP from whom the information is sought as a "cable operator" as defined by 47

U.S.C. § 522(5).

**II.  Argument**

In 1984, Congress enacted the Cable Act to establish national
policy and guidelines for the cable television industry.  *Section 551* of this
Act establishes a self contained and privately enforceable scheme for the
protection of cable subscriber privacy.  The section was included in the Act
in response to Congress' observation that:  "Cable systems, particularly

those with a 'two-way' capability, have an enormous capacity to collect
and store personally identifiable information about each cable subscriber."
H.R. Rep. No.934, 98th Cong., 2d Sess. 29 (1984).  "Subscriber records
from interactive systems," Congress noted, "can reveal details about bank
transactions, shopping habits, political contributions, viewing habits and
other significant personal decisions."  *Id.*

*Scofield v. Telecable of Overland Park, Inc.*, 973 F.2d 874, 876 (10th Cir. 1992)

"In addition the legislative history states that personally identifiable information

'would include specific information about the subscriber, or a list of names and addresses

on which the subscriber is included . . . .' H.R. Rep. No. 934, 98th Cong., 2d Sess. 79."  *Id.*

at n. 2.

The personally identifiable information sought by Malibu Media in this case is

protected from disclosure by 47 U.S.C. §551(c) which only allows disclosure of a

subscriber's personally identifiable information under certain circumstances.  The relevant

portion of 47 U.S.C. §551(c) states:

> (c)  Disclosure of personally identifiable information.
>        (1)  Except as provided in paragraph (2), a cable operator shall not
> disclose personally identifiable information concerning any subscriber
> without the prior written or electronic consent of the subscriber concerned
> and shall take such actions as are necessary to prevent unauthorized access
> to such information by person other than the subscriber or cable operator.
>        (2)  A cable operator may disclose such information if the
> disclosure is - -
>        . . . .
>        (B)  *subject to subsection (h)*, made pursuant to a court order
> authorizing such disclosure, if the subscriber is notified of such order by
> the person to whom the order is directed; . . . .

47 U.S.C. §551(c) (emphasis supplied).

Subsection (h) states:

>    (h)  Disclosure of information to governmental entity pursuant to court
>    order.  Except as provided in subsection (c)(2)(D), a governmental entity
>    may obtain personally identifiable information concerning a cable
>    subscriber pursuant to a court order only if, in the court proceeding
>    relevant to such court order - -
>
>    (1)  such entity offers clear and convincing evidence that the
>    subject of the information is reasonably suspected of engaging in criminal
>    activity and that the information sought would be material evidence in the
>    case; and
>
>    (2) the subject of the information is afforded the opportunity to
>    appear and contest such entity's claim.

47 U.S.C. §551(h)

Further, according to the legislative history:

>    Subsection (c) limits the disclosure of personally identifiable
>    information collected by a cable operator to those situations where such
>    disclosure is necessary to render a cable service or to conduct a legitimate
>    business activity related to a cable service or other service; where
>    authorized electronically or in writing by the subscriber; or where required
>    by court order, *provided that the subscriber has been notified of the
>    disclosure and the court order meets the requirements of subsection (h).*

H.R. Rep. No. 934, 98th Cong., 2d Sess. 77 (emphasis supplied).

Clearly, the requirements of subsection (h) have not been met in this case.  Malibu Media is not a governmental entity.  As a result, Malibu Media does not fall within any exception to the prohibition on disclosure of personally identifiable information set forth in 47 U.S.C. §551(c).  *See, Interscope Records v. Does 1-7,* 494 F. Supp. 2d 388, 390 (E.D. Va. 2007).

Further, Malibu Media has no legitimate need for John Doe #8's telephone number, email address, or media access control number as same would not be needed to identify or serve John Doe #8 with the complaint.

Consequently, John Doe #8 respectfully requests that this court vacate its Order granting Malibu Media leave to serve 3rd party subpoenas prior to a rule 26(f) conference. In the alternative, John Doe #8 respectfully requests, pursuant to F.R.C.P. 45(c)(3)(A)(iii), that this court quash the subpoena directed to Comcast Cable seeking John Doe #8's, name, address, telephone number, email address, and media access control number as such information is protected from disclosure pursuant to 47 U.S.C. §551(c).

WHEREFORE defendant, John Doe #8, respectfully requests that this Honorable Court enter the attached Order(s) and/or any other relief that it deems appropriate.

Respectfully submitted,

/s/ Bruce Preissman
Bruce Preissman, Esq.
Attorney for Defendant,
John Doe #8
1032 Mill Creek Drive, Suite 204
Feasterville, PA 19053
(215) 322-6990
bplegal@aol.com

## CERTIFICATION OF SERVICE

I do hereby certify that Defendant, John Doe #8's, Motion to Quash Subpoena and

Vacate Order Granting Plaintiff Leave To Serve Third Party Subpoenas and Memorandum

was served via electronic filing this 8th day of June 2012 upon:

Christopher P. Fiore, Esq.
Aman M. Barber, III, Esq.
425 Main Street, Suite 200
Harleysville, PA 19438
(Attorneys for Plaintiff)

/s/ Bruce Preissman
Bruce Preissman, Esq.
Attorney for Plaintiff
1032 Mill Creek Drive, Suite 204
Feasterville, PA 19053
(215) 322-6990
bplegal@aol.com