**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

_____

MALIBU MEDIA, LLC                                    : CIVIL TRIAL DIVISION

     vs.                                                      : JURY TRIAL DEMANDED

RICHARD J. DEMBOWSKI                          : No. 12-cv-02096
_____

## ORDER

     AND NOW, this       day of       , 2012, upon

consideration of Defendant, Richard J. Dembowski's, Motion to Dismiss, Plaintiff,

Malibu Media, LLC's, Amended Complaint Pursuant to Federal Rule of Civil Procedure

12(b)(6) and any response thereto, it is hereby ORDERED and DECREED that said

Motion is Granted, Plaintiff, Malibu Media, LLC's, amended complaint is hereby

dismissed with prejudice.

                                    BY THE COURT:

                                    _____

                                    J.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

_____

MALIBU MEDIA, LLC                              : CIVIL TRIAL DIVISION

      vs.                                          : JURY TRIAL DEMANDED

RICHARD J. DEMBOWSKI                    : No. 12-cv-02096

_____

### DEFENDANT, RICHARD J. DEMBOWSKI'S, MOTION TO DISMISS PLAINTIFF, MALIBU MEDIA, LLC'S, AMENDED COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)

Defendant, Richard J. Dembowski, by and through his attorney, Bruce Preissman, Esquire, hereby moves this Honorable Court to enter the attached Order and avers in support thereof as follows:

1.  Plaintiff, Malibu Media, LLC ("Malibu Media") filed a Complaint on April 19, 2012 against eighteen John Doe defendants alleging one act of direct and contributory copyright infringement by the eighteen Doe defendant via a computer protocol known as BitTorrent.  *See,* Complaint.

2.  According to the Complaint, the Does were acting in a "swarm" which is made up of "seeders" and "peers".  Complaint at 29-32.

3.  According to the Complaint, seeders have an entire copy of the copyrighted work; peers may not.  Complaint at Exhibit "C".

4.  Malibu Media alleged that all of the Does were peers.  *See,* Declaration of Tobias Fieser at 20 attached to Malibu Media's Motion for Leave to Serve Third Party Subpoenas Prior to a Rule 26(f) Conference.

1

5.  Malibu Media filed a Motion for Leave to Serve Third Party Subpoenas Prior to a Rule 26(f) Conference on April 24, 2012.

6.  The Order granting said motion was signed on April 24, 2012 and entered on April 25, 2012.

7.   In its motion Malibu Media sought leave to serve subpoenas on the Internet Service Providers  ("ISPs") of the eighteen Doe defendants seeking disclosure of each defendant's name, address, telephone number, email address and media access control number.

8.  On June 8, 2012, after receiving notification from Comcast that his subscriber information was being sought in connection with this matter, defendant, Richard J. Dembowski, who at the time was identified only as Doe #8, filed a Motion to Quash.

9.  On June 20, 2012 Malibu Media filed a notice of settlement and voluntary dismissal of Doe #7 with prejudice.

10.  Doe #8's motion to quash was denied on or about June 27, 2012.

11.  On July 12, 2012 Malibu Media filed a notice of settlement and voluntary dismissal of Doe #10 with prejudice.

12.  On July 18, 2012 Malibu Media filed a notice of settlement and voluntary dismissal of Doe #14 with prejudice.

13.  On August 17, 2012 Malibu Media filed a notice of voluntary dismissal without prejudice of all remaining Doe defendants with the exception of Doe #8.

14.  On August 24, 2012 Malibu Media filed an Amended Complaint naming

Dembowski as a defendant, removing the contributory infringement claim, and adding ten

additional works that were allegedly directly infringed.

15.  Malibu Media alleges that "BitTorrent is one of the most common peer-to-

peer file sharing protocols used for distributing large amounts of data."  Amended

Complaint at 10.

16.  Malibu Media alleges that "the BitTorrent protocol allows users to join a

"swarm" of host computers to download and upload from each other simultaneously".

Amended Complaint at 11.

17.  Malibu Media alleges that "[e]ach of the peers in a BitTorrent swarm

distributes pieces of the file to each other."  Amended Complaint at 12.

18.  Malibu Media alleges that [a]fter a peer receives all of the pieces of a file, the

peer's BitTorrent software program reassembles the pieces so that the file may be opened

and used or played."  Amended Complaint at 13.

19.  Malibu Media alleges that its investigator, on certain "hit dates", downloaded

plaintiff's allegedly copyrighted works via BitTorrent; that a piece of data comprising said

works came from an IP address for which defendant is the subscriber; and, that when all of

the pieces received by plaintiff's investigator from the numerous IP addresses were

assembled by the BitTorrent software, it's investigator was able to view a work which "is

identical (or alternatively, strikingly similar or substantially similar) to the copyrighted

work."  Amended Complaint at 16, 20, 21, Exhibit A.

20.  Thus, according to Malibu Media, the "hit date" represents the date on which its investigator allegedly downloaded the copyrighted work from the "swarm"; one piece of which allegedly came from some computer via an IP address allegedly assigned to defendant by his ISP.

21.  Malibu Media alleges that because defendant is the subscriber of the internet service from which a piece of the copyrighted work allegedly emanated, he is "the most likely infringer."  Amended Complaint at 22.

22.  Malibu Media seeks injunctive relief as well as damages for alleged direct copyright infringement, including unlawful reproduction, distribution, performance, and display of its allegedly copyrighted works.  Amended Complaint at 28, 30, 32.

23.  To survive a motion to dismiss for failure to state a claim, a complaint must satisfy the pleading requirements set forth the Federal Rule of Civil Procedure 8(a)(2).

24.  In order to set forth a prima facie claim of direct copyright infringement Malibu Media must show ownership of the valid copyrights and violation by the defendant of one or more exclusive rights set forth in 17 U.S.C. § 106.  *See, Feist Pubs., Inc., v. Rural Tel. Serv. Co., Inc.*, 499 U.S. 340, 361 (1991).

25.  Malibu Media has not set forth facts to show a violation by the defendant of one or more exclusive rights set forth in 17 U.S.C. § 106.

26.  "A plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Burtch v. Milberg Factors*, 662 F.3d 212, 220 (3d. Cir. 2011) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555.

4

27. "The Supreme Court in Twombly set forth the "plausibility" standard for overcoming a motion to dismiss and refined this approach in [*Ashcroft v. Iqbal, 556 U.S. 662 (2009)*]."  *Burtch* at 220.

28. "The plausibility standard requires the complaint to allege enough facts to state a claim to relief that is plausible on its face."  *Burtch* at 220 (citing *Twombly, 550 U.S. at 570*).

29. "A complaint satisfies the plausibility standard when the factual pleadings "'allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'"  *Burtch* at 220 (quoting *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 556)).

30. Malibu Media's amended complaint does not satisfy the pleading requirement that a plaintiff plead facts sufficient to allow the court to draw the reasonable inference that the defendant was the person who actually engaged in the alleged infringing activity.

31. Malibu Media's assertion that defendant "is the most likely infringer" is a guess; it is not supported by facts as required by Federal Rule of Civil Procedure 8(a)(2).

32. The sole allegation identifying defendant as the allegedly infringing party is the allegation that he was identified by his ISP as the subscriber for internet service from which plaintiff's investigator allegedly received a piece of Malibu Media's allegedly copyrighted works via the BitTorrent protocol.

33. There is no factual allegation in the amended complaint of any affirmative act by the defendant.

5

34.  As a result, Malibu Media has failed to properly plead a claim of direct copyright infringement against the defendant.

35.  Consequently, Malibu Media's amended complaint must be dismissed.

WHEREFORE defendant, Richard J. Dembowski, respectfully requests that this Honorable Court enter the attached Order dismissing plaintiff's amended complaint with prejudice.

Respectfully submitted,


/s/ Bruce Preissman
Bruce Preissman, Esq.
Attorney for Defendant,
Richard J. Dembowski
1032 Mill Creek Drive, Suite 204
Feasterville, PA 19053
(215) 322-6990
bplegal@aol.com

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

_____

MALIBU MEDIA, LLC                              : CIVIL TRIAL DIVISION

      vs.                                            : JURY TRIAL DEMANDED

RICHARD J. DEMBOWSKI                   : No. 12-cv-02096
_____

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANT, RICHARD J. DEMBOWSKI'S, MOTION TO DISMISS
PLAINTIFF, MALIBU MEDIA, LLC'S, AMENDED COMPLAINT
PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)**

**I.  Procedural Background and Allegations by Plaintiff**

Plaintiff, Malibu Media, LLC ("Malibu Media") filed a Complaint on April 19,

2012 against eighteen John Doe defendants alleging one act of direct and contributory

copyright infringement by the eighteen Doe defendant via a computer protocol known as

BitTorrent.  According to the Complaint, the Does were acting in a "swarm" which is

made up of "seeders" and "peers"; seeders have an entire copy of the copyrighted work;

peers may not.  (Complaint at 29-32, Exhibit C.)  Malibu Media alleged that all of the

Does were peers.  (*See,* Declaration of Tobias Fieser at 20 attached to Malibu Media's

Motion for Leave to Serve Third Party Subpoenas Prior to a Rule 26(f) Conference.)

Malibu Media filed a Motion for Leave to Serve Third Party Subpoenas Prior to a

Rule 26(f) Conference on April 24, 2012.  The Order granting said motion was signed on

April 24, 2012 and entered on April 25, 2012.  In its motion Malibu Media sought leave to

serve subpoenas on the Internet Service Providers  ("ISPs") of the eighteen Doe

defendants seeking disclosure of each defendant's name, address, telephone number, email address and media access control number.

On June 8, 2012, after receiving notification from Comcast that his subscriber information was being sought in connection with this matter, defendant, Richard J. Dembowski, who at the time was identified only as Doe #8, filed a Motion to Quash.  On June 20, 2012 Malibu Media filed a notice of settlement and voluntary dismissal of Doe #7 with prejudice.  Doe #8's motion to quash was denied on or about June 27, 2012.

On July 12, 2012 Malibu Media filed a notice of settlement and voluntary dismissal of Doe #10 with prejudice.  On July 18, 2012 Malibu Media filed a notice of settlement and voluntary dismissal of Doe #14 with prejudice.  On August 17, 2012 Malibu Media filed a notice of voluntary dismissal without prejudice of all remaining Doe defendants with the exception of Doe #8.

On August 24, 2012 Malibu Media filed an Amended Complaint naming Dembowski as a defendant, removing the contributory infringement claim, and adding ten additional works that were allegedly directly infringed.  In its amended complaint, Malibu Media alleges that "BitTorrent is one of the most common peer-to-peer file sharing protocols used for distributing large amounts of data"; "the BitTorrent protocol allows users to join a "swarm" of host computers to download and upload from each other simultaneously"; "[e]ach of the peers in a BitTorrent swarm distributes pieces of the file to each other";  "[a]fter a peer receives all of the pieces of a file, the peer's BitTorrent software program reassembles the pieces so that the file may be opened and used or played."  (Amended Complaint at 10-13.)

Malibu Media alleges that its investigator, on certain "hit dates", downloaded plaintiff's allegedly copyrighted works via BitTorrent; that a piece of data comprising said works came from an IP address for which defendant is the subscriber; and that when all of the pieces received by plaintiff's investigator from the numerous IP addresses were assembled by the BitTorrent software, it's investigator was able to view a work which "is identical (or alternatively, strikingly similar or substantially similar) to the copyrighted work. (Amended Complaint at 16, 20, 21, Exhibit A.) Thus, according to Malibu Media, the "hit date" represents the date on which its investigator allegedly downloaded the copyrighted work from the "swarm"; one piece of which allegedly came from some computer via an IP address allegedly assigned to defendant by his ISP.

Malibu Media alleges that since defendant is the subscriber of the internet service from which a piece of the copyrighted work allegedly emanated, he is "the most likely infringer." (Amended Complaint at 22.) Malibu Media seeks injunctive relief as well as damages for alleged direct copyright infringement, including unlawful reproduction, distribution, performance, and display of its allegedly copyrighted works. (Amended Complaint at 28, 30, 32.)

## II. Argument

### A. Legal Standard

To survive a motion to dismiss for failure to state a claim, a complaint must satisfy the pleading requirements set forth the Federal Rule of Civil Procedure 8(a)(2). "A plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will

not do." *Burtch v. Milberg Factors*, 662 F.3d 212, 220 (3d. Cir. 2011) (quoting *Bell*

*Atlantic Corp. v. Twombly*, 550 U.S. 544, 555.

>      The Supreme Court in Twombly set forth the "plausibility"
> standard for overcoming a motion to dismiss and refined this approach in
> [*Ashcroft v. Iqbal, 556 U.S. 662 (2009)*].  The plausibility standard
> requires the complaint to allege enough facts to state a claim to relief that
> is plausible on its face.  *Twombly, 550 U.S. at 570*.  A complaint satisfies
> the plausibility standard when the factual pleadings "allow[] the court to
> draw the reasonable inference that the defendant is liable for the
> misconduct alleged."  *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550
> U.S. at 556).  This standard requires showing "more than a sheer
> possibility that a defendant has acted unlawfully."  *Id*.  A complaint
> which pleads facts "'merely consistent with' a defendant's liability,
> 'stops short of the line between possibility and plausibility of
> 'entitlement of relief.'"  *Id*. (citing *Twombly*, 550 U.S. at 557).

>      To determine the sufficiency of a complaint under Twombly and
> Iqbal, we must take the following three steps:

>>      First, the court must "tak[e] note of the elements a
>> plaintiff must plead to state a claim."  Second, the court
>> should identify allegations that, "because they are no more
>> than conclusions, are not entitled to the assumption of
>> truth."  Finally, "where there are well-pleaded factual
>> allegations, a court should assume their veracity and then
>> determine whether they plausibly give rise to an
>> entitlement to relief."

> [Santiago v. Warmister Twp., 629 F. 3d 121, 130 (3d Cir. 2010) (quoting
> Iqbal, 129 S. Ct. at 1947, 1950)]; see also Great Western Mining & Min.
> Co., v. Rothschild LLP, 615 F.3d 159, 177 (3d Cir. 2010).

*Burtch* at 220-21.

### B.  Malibu Media has not pled sufficient facts to allow the Court to draw the reasonable inference that the defendant is liable for direct copyright infringement.

In order to set forth a prima facie claim of direct copyright infringement Malibu

Media must show ownership of the valid copyrights and violation by the defendant of one

or more exclusive rights set forth in 17 U.S.C. § 106. *See, Feist Pubs., Inc., v. Rural Tel. Serv. Co., Inc.*, 499 U.S. 340, 361 (1991).

Federal Rule of Civil Procedure 8(a)(2) requires Malibu Media to plead facts sufficient to allow the Court to draw the inference that the defendant is liable for the alleged misconduct; in this case direct copyright infringement.  If Malibu Media cannot do that, the case should be dismissed.   In this case defendant is being sued because his name is on the cable bill.

Malibu Media's assertion that defendant "is the most likely infringer" is a guess; it is not supported by facts as required by Rule 8(a)(2).  The sole allegation relied upon by Malibu Media in identifying the defendant as the allegedly infringing party is that he was identified by his ISP as the subscriber for internet service that was allegedly assigned an IP address from which Malibu Media's investigator allegedly received a piece of Malibu Media's allegedly copyrighted works via the BitTorrent protocol.

Malibu Media has not alleged that the physical location of the IP address is wired to a single computer operated solely by defendant.  On the contrary, it is even more likely, that the IP address is connected to a wireless router to which multiple devices wirelessly connect.  *See, In Re:  BitTorrent Adult Film Copyright Infringement Cases*, 2012 U.S. Dist. LEXIS 61447 at *13. ("Most, if not all, of the IP addresses will actually reflect a wireless router or other networking device, meaning that while the ISPs will provide the name of its subscriber, the alleged infringer could be the subscriber, a member of his or her family, an employee, invitee, neighbor or interloper.")

5

Malibu Media named the defendant as the alleged infringer simply because his

name is on the cable bill.  Rule 8(a)(2) requires more; it requires Malibu Media to plead

facts sufficient to allow the court to draw the reasonable inference that the defendant was

the person who actually engaged in the alleged infringing activity.  Malibu Media has not

satisfied its pleading burden.

> **C.  Malibu Media has not pled sufficient facts to support its allegation that the defendant directly infringed on one or more exclusive rights set forth in 17 U.S.C. § 106.**

Section 106 of the Copyright Act vests certain exclusive rights in the owner of a

copyrighted work.

> Subject to sections 107 through 122 [*17 USCS §§ 107* through *122*], the owner of copyright under this title has the exclusive rights to do and to authorize any of the following:
> (1) to reproduce the copyrighted work in copies or phonorecords;
> (2) to prepare derivative works based upon the copyrighted work;
> (3) to distribute copies or phonorecords of the copyrighted work to the public by sale or other transfer of ownership, or by rental, lease, or lending;
> (4) in the case of literary, musical, dramatic, and choreographic works, pantomimes, and motion pictures and other audiovisual works, to perform the copyrighted work publicly;
> (5) in the case of literary, musical, dramatic, and choreographic works, pantomimes, and pictorial, graphic, or sculptural works, including the individual images of a motion picture or other audiovisual work, to display the copyrighted work publicly; and
> (6) in the case of sound recordings, to perform the copyrighted work publicly by means of a digital audio transmission.

17 U.S.C. §106.

"Copies" are material objects, other than phonorecords, in which a work is fixed

by any method now known or later developed, and from which the work can be

6

perceived, reproduced, or otherwise communicated, either directly or with the aid of a machine or device. *See,* 17 U.S.C. §101.

Malibu Media has alleged that defendant directly infringed on four exclusive rights: to reproduce copies, distribute copies, perform publicly and display publicly. However, there are no factual allegations of unlawful reproduction, unlawful public performance or unlawful public display in the amended complaint. As to the allegation of unlawful distribution, Malibu Media has alleged that this process occurs via the BitTorrent protocol automatically. (Complaint at 34.) In addition, Malibu Media admits that the single piece of each work allegedly received from the IP address in question was incapable of use by itself. As a result, Malibu Media has not pled sufficient facts to support its allegation that the defendant directly infringed on one or more exclusive rights set forth in 17 U.S.C. § 106.

## III.  Conclusion

Malibu Media's amended complaint does not satisfy the Rule 8(a)(2) pleading requirement that a plaintiff plead facts sufficient to allow the court to draw the reasonable inference that the defendant was the person who actually engaged in the alleged infringing activity. Malibu Media cannot just declare, as it does in its amended complaint, that defendant "is the infringer" because it doesn't have any factual basis to name anyone else. It is simply too much of a leap to find a "plausible" basis to impose liability upon the defendant on the facts alleged in the amended complaint. As a result, Malibu Media's amended complaint must be dismissed.

WHEREFORE defendant, Richard J. Dembowski, respectfully requests that this

Honorable Court enter the attached Order dismissing plaintiff's amended complaint with

prejudice.

Respectfully submitted,


/s/ Bruce Preissman
Bruce Preissman, Esq.
Attorney for Defendant,
Richard J. Dembowski
1032 Mill Creek Drive, Suite 204
Feasterville, PA 19053
(215) 322-6990
bplegal@aol.com

## CERTIFICATION OF SERVICE

I do hereby certify that Defendant, Richard J. Dembowski's, Motion to Dismiss,

Plaintiff, Malibu Media, LLC's, Amended Complaint Pursuant to Federal Rule of Civil

Procedure 12(b)(6)  was served via electronic filing this 10th day of October 2012 upon:

    Christopher P. Fiore, Esq.
    Aman M. Barber, III, Esq.
    425 Main Street, Suite 200
    Harleysville, PA 19438
    (Attorneys for Plaintiff)


                        /s/ Bruce Preissman
                        Bruce Preissman, Esq.
                        Attorney for Plaintiff
                        1032 Mill Creek Drive, Suite 204
                        Feasterville, PA 19053
                        (215) 322-6990
                        bplegal@aol.com

1